UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers 620 F Street, N.W. Washington, D.C. 20004, | ) ) ) ) ) ) ) |
| and | ) ) |
| INTERNATIONAL MASONRY INSTITUTE, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers 620 F Street, N.W. Washington, D.C. 20004, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| THORNTON MASONRY ENTERPRISES, LLC (f/k/a Thornton Lawley Enterprises LLC) 431 Pine Grove Road Marshfield, Missouri 65706, | ) ) ) ) ) |
| Serve: Registered Agent Tyler Thornton 431 Pine Grove Road Marshfield, Missouri 65706 | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUNDS AND FOR EQUITABLE RELIEF)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

**PARTIES**

1.      Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The International Pension Fund is administered at 620 F Street, N.W., in Washington D.C.   The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2.      Plaintiff, International Masonry Institute is an employee welfare benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The International Masonry Institute is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The International Masonry Institute was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The International Masonry Institute, for purposes of collections, is administered at 620 F Street, N.W., in Washington D.C.  The members of the Board of Trustees of the International Masonry Institute are fiduciaries as provided in the International Masonry Institute's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).   The Trustees bring this action for the benefit of the beneficiaries of the International Masonry Institute.

2

3.      Defendant Thornton Masonry Enterprises LLC f/k/a Thornton Lawley Enterprises LLC is a Missouri corporation and has an office located at 431 Pine Grove Road, in Marshfield, Missouri, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

**JURISDICTION AND VENUE**

4.      This is an action to collect contributions and other amounts due to employee benefit plans under the terms of a collective bargaining agreement and trust agreements and for other appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

6.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**FACTS**

7.      Defendant Thornton Masonry Enterprises LLC f/k/a Thornton Lawley Enterprises LLC has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 15 – Missouri ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

8. Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiffs for all hours of work it performed which is covered by the Collective Bargaining Agreements.

9. During the months of December 2014 through the present, the Defendant has performed work covered by the Collective Bargaining Agreements.

10. During the months of December 2014 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiffs as required by the Collective Bargaining Agreements and the Plaintiffs' Restated Agreements and Declarations of Trust.

11. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

12. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

13. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C.

§ 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs for collection.

## COUNT I

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS
### JUNE 2016 THROUGH JULY 2017)

14.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15.     During the months of June 2016 through July 2016 the Defendant reported to the Local, but failed to pay, contributions owing to the Plaintiffs under the Collective Bargaining Agreements for work performed in Local Union No. 15-MO in the amount of $29,879.46.  In addition, the Defendant has failed to pay interest owed on this amount at the rate of 15% per annum from the date due of each monthly payment through the date paid, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment through the date paid, or $5,975.89 in liquidated damages calculated at the rate of 20% of the total contributions owed.

16.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

17.     Plaintiffs are entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each

month payment through the date paid, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment through the date paid, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

18.     Plaintiffs will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, after July 2017, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS SHORTAGE FOR DECEMBER 2014 THROUGH MAY 2016)

19.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth in this Count II.

20.     During the months of December 2014 through May 2016 the Defendant reported, but failed to pay, contributions owing to the Plaintiffs under the Collective Bargaining Agreements for work performed in Local Union No. 15-MO in the amount of $72.24.   In addition, the Defendant has failed to pay interest owed on this amount at the rate of 15% per annum from the date due of each monthly payment through the date paid, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment through the date paid, or $14.45 in liquidated damages calculated at the rate of 20% of the total contributions owed.

21.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

22.     Plaintiffs are entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each month payment through the date paid, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment through the date paid, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

## COUNT III

### (INJUNCTIVE RELIEF)

23.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth in this Count III.

24.     Defendant, pursuant to the Collective Bargaining Agreements, Plaintiffs' Restated Agreements and Declarations of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, agreed to report hours and make timely contributions to the Plaintiffs in the amounts and on the dates required by the Collective Bargaining Agreements, Restated Agreements and Declarations of Trust, and General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers

à25.     Defendant has repeatedly failed to submit timely reports and pay contributions to the Plaintiffs.  Plaintiffs' counsel has had to pursue payments and demand payments from the

7

Defendant in order to force the Defendant to pay delinquent contributions as required by the terms of the Collective Bargaining Agreements, Restated Agreements and Declarations of Trust, and General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers.

26.     This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of ERISA and an employee benefit plan and threatens the Plaintiffs, and the Plaintiffs' participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

27.     By virtue of the failure to make timely payments, the Defendant has caused the Plaintiffs and their participants to suffer the loss of investment income and incur additional administrative expenses as well as deprived the Plaintiffs and their participants of the ability to accurately determine the amount of contributions owed and credit earned by employees during that time period.

28.     The public interest will be served by an issuance of injunctive relief.

**WHEREFORE,** Plaintiffs pray judgment on Counts I, II and III as follows:

A.     For unpaid contributions due and owing to the Plaintiffs for work performed during the months of June 2016 through July 2017 in the amount of $29,879.46 as alleged in Count I, plus interest (calculated at the rate of 15% per annum from the due date of each payment through the date paid), plus $5,975.89 in liquidated damages (calculated at the rate of 20% of the delinquent contributions).

B.     For unpaid contributions due and owing to the Plaintiffs for work performed during the months of December 2014 through May 2016 in the amount of $72.24 as alleged in Count II, plus interest (calculated at the rate of 15% per annum from the due date of each payment through the date paid), plus $14.45 in liquidated damages (calculated at the rate of 20% of the delinquent contributions).

C.     For interest at the rate of 15% per annum from the due date of each estimated unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each estimated unpaid monthly contribution payment at the rate of 15% per annum from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total estimated unpaid contributions owed, as provided for in the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

D.     That the Defendant be directed to comply with its obligations to correctly report and contribute to the Plaintiffs in a timely manner in the future as alleged in Count III.

E.     Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreement, Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

F.     For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiffs after July 2017, subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

G.     Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  December 13, 2017

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Eighth Floor
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
rhopp@odonoghuelaw.com

By:    _____

R. Richard Hopp (Bar No. 432221)
*Attorney for the Plaintiffs*